IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS SCOTT ANDERSON, | CV-15-00031-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| MIKE BATISTA, Director of the Montana Department of Corrections, LEROY KIRKEGARD, Warden of the Montana State Prison, and DR. KOHUT, individually and in their official capacities,[1] | |
| Defendants. | |

Plaintiff Thomas Anderson, a state prisoner proceeding in forma pauperis and without counsel, has filed a Second Motion to Appoint Counsel (Doc. 23) and a Motion to Compel Discovery (Doc. 24). The motions will be denied.

**I. Motion to Appoint Counsel**

Mr. Anderson filed his first motion for the appointment of counsel on July 17, 2015. (Doc. 12.) The Court denied that motion on July 27, 2015. (Doc. 14.) As set forth in the Court's prior Order, a judge may only request counsel for an

---

[1] The case style has been amended to reflect the August 7, 2015 dismissal of the Montana Department of Corrections. (Doc. 17.)

1

indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal quotation marks omitted).

The Court previously found that Mr. Anderson had not made a sufficient showing of exceptional circumstances because he had not demonstrated a likelihood of success on the merits or his inability to articulate his claims pro se. (Doc. 14 at 3.)

Mr. Anderson argues in his latest motion that counsel is necessary to obtain declarations from other inmates in order to demonstrate that Defendants were deliberately indifferent in their medical practices at Montana State Prison. (Counsel Mtn, Doc. 23 at 1-2.) The testimony of other inmates may have been relevant to Mr. Anderson's claim that the Montana Department of Corrections had a custom, policy, and practice of refusing to provide treatment for Montana State Prison inmates with Hepatitis C infections. (Complaint, Doc. 2 at 3, ¶ 17.) However, the Court dismissed Montana Department of Corrections based on Eleventh

2

Amendment immunity on August 7, 2015. (Doc. 17.) The only remaining claims pertain to the individual Defendants' alleged deliberate indifference to Mr. Anderson's serious medical needs. The Court is not inclined to request counsel to represent Mr. Anderson for the purpose of interviewing other inmates when the only remaining issue in this case is whether Defendants were deliberately indifferent to Mr. Anderson's medical needs. The request for appointment of counsel will be denied without prejudice.

**II. Motion to Compel**

Mr. Anderson has also filed a motion to compel discovery, indicating that he served interrogatories on Defendants on August 8, 2015, and as of September 10, 2015 (when he signed his motion to compel), he had not received a response from Defendants. (Doc. 24.) He also asks the Court to compel the production of a number of documents listed in his motion.

With regard to Mr. Anderson's requests for the production of documents, it does not appear that he has served Defendants with requests for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. He cannot ask the Court to compel compliance with the discovery rules set forth in the Federal Rules of Civil Procedure until he has at least served discovery requests on Defendants.

With regard to Mr. Anderson's motion to compel responses to his interrogatories, there is no indication that he consulted opposing counsel regarding the nature of this dispute prior to filing his motion. The parties were advised in the Court's August 6, 2015 Scheduling Order (Doc. 15) that the Court would not consider discovery disputes unless the moving party had complied with Fed.R.Civ.P. 29, Fed.R.Civ.P. 37, D. Mont. L.R. 7, and D. Mont. L.R. 26.3(c). Since there is no indication in the motion that Mr. Anderson has complied with this procedure, the motion will be denied without prejudice.

In addition, Defendants represent that they timely served responses to Mr. Anderson's interrogatories on September 8, 2015. (Docs. 27, 28.) Should Mr. Anderson be unsatisfied with Defendants' interrogatory responses, he must comply with Fed.R.Civ.P. 37 ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D. Mont. L.R. 7 ("The text of the motion must state that other parties have been contacted and state whether any party objects to the motion."); and D. Mont. L.R. 26.3(c) ("The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed.") before filing any subsequent motions to compel. That is, Mr. Anderson must communicate with

opposing counsel about why he feels the discovery responses are inadequate and must try to resolve the issue without involving the Court.

Should the parties then not be able to resolve the issues between themselves, Mr. Anderson may then seek the Court's assistance by filing a motion to compel.

Accordingly, the Court issues the following:

## ORDER

1. Mr. Anderson's Second Motion to Appoint Counsel (Doc. 23) is **DENIED WITHOUT PREJUDICE**.

2. Mr. Anderson's Motion for an Order Compelling Discovery (Doc. 24) is **DENIED WITHOUT PREJUDICE**.

3. At all times during the pendency of this action, Mr. Anderson must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 1st day of October, 2015.

                 */s/ Jon Johnston*
                 John Johnston
                 United States Magistrate Judge