IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| THOMAS SCOTT ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE BATISTA, Director of the Montana Department of Corrections, LEROY KIRKEGARD, Warden of the Montana State Prison, and DR. KOHUT, individually and in their official capacities,<br><br>Defendants. | CV 15–31–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this matter on August 15, 2016, recommending that Defendants' motion for summary judgment be granted. Plaintiff Thomas Scott Anderson ("Anderson") timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. See *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The parties are familiar with the facts of this case and they will not be repeated here.

Turning to the objections, Anderson challenges the recommendation that summary judgment should be granted because he failed to present evidence that Dr. Kohut was medically indifferent to his hepatitis C infection. Specifically, Anderson contends that he was denied an opportunity to file affidavits from medical professionals in support of his arguments. He argues the Court should give him the opportunity to obtain these affidavits. The Court declines Anderson's request.

Even if the Court allowed Anderson to pursue this line of discovery, the only evidence he would obtain would be testimony that another doctor would treat him differently. (Doc. 42 at 2 (Anderson describing how he would obtain affidavits from "people . . . [in] the medical community . . . who . . . would treat [him] in a different manner".) Anderson states that medical professionals, like Physician Assistant Lance Griffin, have told him that him he may qualify for another course of treatment. However, this evidence does not establish that Dr. Kohut's chosen course of treatment is medically unacceptable, and thus in

violation of the Constitution, only that other medical professionals may treat him differently. This evidence would only show a dispute between medical professionals concerning the best course of treatment for Anderson's hepatitis C infection. This is merely a difference in opinion between two medical professionals and would not establish a claim for deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), overruled on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).

Further, it is important to note that this is not a case where Anderson is receiving no treatment at all. Dr. Kohut is monitoring Anderson's condition and providing treatment. Anderson simply objects to the doctor's opinion as to the most practical manner in which to treat his condition. As such, the Court will overrule Anderson's objection and adopt the recommendation to grant Defendants' motion for summary judgment.[1]

Lastly, Anderson moves for the third time for the appointment of counsel. Anderson's claim, however, does not raise "exceptional circumstances" which would warrant the appointment of counsel. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Anderson's motion is denied for the

---

[1] Defendants have also moved for an extension of time to respond to Anderson's objections. (Doc. 45.) Because the Court is adopting the recommendation to grant Defendants' motion for summary judgment, it will deny the motion for extension as moot.

reasons stated in Judge Johnston's first order dated July 27, 2015, denying the initial motion to appoint counsel. (Doc. 14.)

Accordingly, the Court reviews the remainder of Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 41) are ADOPTED IN FULL.

(2) Defendants' Motion for Summary Judgment (Doc. 33) is GRANTED and this matter is DISMISSED. The Clerk of Court is directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

(4) Plaintiff's Motion to Appoint Counsel (Doc. 43) is DENIED.

(5) Defendants' Motion for Extension of Time to Respond to the Objections (Doc. 45) is DENIED AS MOOT.

DATED this 27th day of September, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court